## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| YURI LILLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-03117-GCS |
| | ) | |
| | ) | |
| NURSE PRACTITIONER CANE, DR. | ) | |
| SADIQUI, and WEXFORD HEALTH | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Yuri Lillard, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Lillard alleges Defendants misdiagnosed his hernia which delayed him getting treatment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

In his Complaint, Lillard makes the following allegations:  On or about November or December 2020, Lillard informed Nurse Practitioner ("NP") Cane that he suffered from stomach pain. (Doc. 1, p. 6). NP Cane ordered an x-ray and referred Lillard to the doctor. *Id.* After the x-ray, Lillard saw Dr. Sadiqui who found the tests to be normal. *Id*. Dr. Sadiqui prescribed Lillard Ibuprofen for his pain. *Id*. Lillard continued to experience pain for the next several months. *Id.* He again saw NP Cane for the pain, which had migrated to his groin area. *Id*. NP Cane ordered a sonogram and referred him to an outside doctor. *Id*. On May 31, 2022, Lillard was diagnosed with a hernia and was scheduled for surgery. *Id.* Although Lillard was scheduled for surgery on August 2, 2022, the surgery was rescheduled due to computer issues. *Id.* On September 22, 2022, he received surgery to repair his hernia. *Id.* NP Cane later informed Lillard that the x-ray would not have identified the hernia. *Id.*

### DISCUSSION

Simply put, Lillard fails to state a claim. Although Lillard alleges that his Fourteenth Amendment rights were violated and that NP Cane and Dr. Sadiqui committed medical malpractice in failing to initially diagnose his hernia, medical claims such as Lillard's arise under the Eighth Amendment. In order to state a claim, Lillard must allege that the defendants were aware of the serious medical condition and either intentionally or recklessly disregarded it. *See Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir.

2008). Negligence is not enough; a plaintiff must demonstrate that a defendant denied medical care altogether, delayed care, continued with ineffective treatment, or departed substantially from accepted professional judgment. *See Brown v. Osmundson*, 38 F.4th 545, 550 (7th Cir. 2022). Lillard's Complaint, however, alleges that both NP Cane and Dr. Sadiqui provided him with care. They ordered x-rays and a sonogram, then referred him to an outside doctor. Although Lillard alleges that he was initially misdiagnosed by Dr. Sadiqui, he failed to allege that he continued with ineffective care or departed substantially from accepted professional judgment. He indicates that he was told that Dr. Sadiqui would not have been able to identify the hernia from an x-ray. Although Lillard alleges he was not accurately diagnosed until May 2022, he fails to point to any actions or inactions taken by Defendants during that time period which would amount to deliberate indifference. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012)(noting that delaying treatment may constitute deliberate indifference if such delay "exacerbated the injury or unnecessarily prolonged an inmate's pain.") (internal citations and quotations omitted).

Further, to the extent Lillard seeks to allege a medical malpractice claim pursuant to state law, he also fails to state a claim. A state law malpractice claim might be appropriately brought under the Court's supplemental jurisdiction along with a claim for deliberate indifference to medical needs. However, a claim for medical malpractice, like the claim for deliberate indifference, must include some factual basis to suggest that a

doctor or other medical provider rendered substandard care to a plaintiff. The allegations in the Complaint do not allege substandard care. In fact, both medical providers ordered testing for Lillard and ultimately sent him to an outside doctor.

Lillard also fails to state a claim against Wexford. His Complaint alleges that Wexford employed NP Cane and Dr. Sadiqui and that Wexford is liable for their conduct. But a corporation like Wexford cannot be liable based on *respondeat superior* liability. *See Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford can only be held liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Lillard fails to point to any policy or practice that led to his misdiagnosis.

Thus, Lillard fails to state a claim. Lillard will be given an opportunity to amend his Complaint in order to state a viable claim. The Amended Complaint should include factual allegations that indicate what actions or inactions were taken by each defendant as it relates to his care.

### DISPOSITION

For the reasons stated above, Lillard's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Lillard is **GRANTED** leave to file a "First Amended Complaint" on or before **June 16, 2023**. Should Lillard fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with

prejudice for failure to comply with a court order or for failure to prosecute his claims. *See* FED. R. CIV. PROC. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Lillard's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). As explained above, the Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Lillard must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Lillard is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Lillard is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

IT IS SO ORDERED.

DATED:  May 16, 2023.

Digitally signed by
Judge Sison
Date: 2023.05.16
12:26:37 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**