THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YURI LILLARD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NURSE PRACTITIONER CANE, DR. SADIQUI, and WEXFORD HEALTH SERVICES,<br><br>　　　　Defendants. | Case No. 22-cv-3117-GCS |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Yuri Lillard, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Lillard's original Complaint was dismissed for failure to state a claim and Lillard was granted leave to file an Amended Complaint. In the Amended Complaint, Lillard alleges Defendants misdiagnosed his hernia pain in violation of the Eighth Amendment and Illinois state law.[1]

---

[1] After submitting his Amended Complaint, the Court received a motion for extension of time (Doc. 13) from Lillard. Lillard asked for additional time to file his Amended Complaint because he had limited access to the law library to e-file his pleading. The motion, however, is dated prior to the filing of his Amended Complaint. Lillard has now submitted his Amended Complaint which the Court finds to be timely filed. Thus, his motion for extension of time is **MOOT**.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A.[2] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE AMENDED COMPLAINT

In his Amended Complaint, Lillard alleges that in November or December 2020, he informed Nurse Practitioner ("NP") Cane of stomach pain, and Cane referred him for an x-ray. (Doc. 12, p. 2). Dr. Sadiqui deemed the x-rays to be normal and provided Lillard with Ibuprofen for his pain. *Id.* at p. 2-3. Lillard complained again to NP Cane who determined that there was something in his groin; as such, NP Cane scheduled a sonogram. Lillard saw an outside doctor on May 31, 2022, and he was scheduled for hernia surgery on August 2, 2022. *Id.* at p. 3. His surgery was rescheduled due to a computer error, and the surgery was set for September 22, 2022. During the time period that he waited for surgery, Lillard alleges his pain was a ten out of ten. NP Cane later explained that the original x-ray would not have shown the issue with his hernia. *Id.* Lillard alleges that Cane and Sadiqui misdiagnosed his condition and failed to exercise

---

[2] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Amended Complaint pursuant to 28 USC § 1915A in light of his consent to the full jurisdiction of a magistrate judge and the limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

ordinary knowledge and skill. *Id*. at p. 3-4. He further alleges that he was subjected to a seven-month delay in diagnosis and treatment due to the failure to originally schedule a sonogram rather than an x-ray. *Id*. at p. 4. Lillard further alleges that Defendants failed to diagnose the condition because they refused to order any test other than an x-ray. *Id*. As to Wexford, Lillard alleges that it turned a blind eye to its employees and alleges that Wexford should have had additional policies regarding diagnosing stomach pain. *Id*. at p. 5.

## DISCUSSION

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** **Eighth Amendment deliberate indifference claim against NP Cane and Dr. Sadiqui for delaying the diagnosis and treatment of Lillard's stomach pain.**
>
> **Count 2:** **Illinois state law medical malpractice claim against NP Cane and Dr. Sadiqui for delaying the diagnosis and treatment of Lillard's stomach pain.**
>
> **Count 3:** **Eighth Amendment deliberate indifference claim against Wexford for failing to have a proper policy and/or procedure for diagnosing stomach pain.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be**

**considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[3]

At this stage, Lillard states a viable claim in Count 1 against Cane and Sadiqui for the delay in treating his stomach pain. *See*, *e.g.*, *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012)(noting that delay in care can amount to deliberate indifference if the delay "exacerbated the injury or unnecessarily prolonged an inmate's pain.") (internal citations and quotations omitted). He also states a claim against Cane and Sadiqui in Count 2 for medical malpractice under Illinois state law. Lillard may proceed with the claim at this time, but he is reminded that he must comply with the requirements of the Illinois Healing Arts Malpractice statute by the summary judgment deadline or face dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622 *et. seq*; *see also Young v. United States*, 942 F.3d 349, 351-352 (7th Cir. 2019).

Lillard alleges that Wexford employs NP Cane and Dr. Sadiqui and that Wexford should be held liable for their actions, but *respondeat superior*, or supervisor, liability does not apply to Section 1983 claims. *See Shields v. Ill. Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). He further acknowledges that there is no evidence that Wexford has a procedure of turning a blind eye to its employees' actions. Instead, Lillard alleges that Wexford should have had a policy or procedure in place that would have prevented him from being misdiagnosed. But, to state a claim against Wexford, Lillard must point to an

---

[3] *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

"(1) an express [corporate] policy; (2) a widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority" who caused the deprivation. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021). The lack of a policy also states a claim if "there is a conscious decision not to take action." *Glisson v. Indiana Dept. of Corrections*, 849 F.3d 372, 381 (7th Cir. 2017); *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). But Lillard does not allege that Wexford made a conscious decision regarding the treatment of stomach pain; instead, Lillard merely alleges that Wexford should have had a policy in place that would have required further investigation into the cause of his pain. This is not enough to state a claim for deliberate indifference against Wexford. Thus, the claim against Wexford in Count 3 is **DISMISSED without prejudice**.

## DISPOSITION

For the reasons stated above, Counts 1 and 2 shall proceed against NP Cane and Dr. Sadiqui. Count 3 against Wexford is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants NP Cane and Dr. Sadiqui: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Lillard. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and

the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Lillard, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Lillard, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Lillard is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

IT IS SO ORDERED.

DATED: June 16, 2023.

Digitally signed by
Judge Sison
Date: 2023.06.16
12:00:37 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**